KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, Plaintiff, v HARTFORD INSURANCE GROUP et al., Respondents, and JEFFERSON INSURANCE COMPANY OF NEW YORK, Appellant.—Judgment unanimously reversed, without costs, and matter remitted to Trial Term, Erie County, Bayger, J., for further proceedings in accordance with memorandum, Marsh, P. J., not participating. Memorandum: Defendant Jefferson Insurance Company of New York (Jefferson) appeals from a judgment in a declaratory judgment action directing that it reimburse defendant-respondent the Hartford Insurance Group (Hartford) for Hartford's contribution of $87,500 toward the settlement of two negligence actions. Jefferson insured Chautauqua Transit, Inc. (Chautauqua) in an excess automobile policy in which Kansas City Fire and Marine Insurance Company (Kansas City) was named as the primary insurer. Hartford insured Blue Bird Coach Lines, Inc. (Blue Bird) in a

standard automobile policy having limits of $100,000 for each person. The Hartford policy contained a clause providing insurance for a temporary substitute automobile, which by terms of paragraph 13 of the policy, was "excess insurance over any other valid and collectible insurance." The Hartford policy also contained a State-mandated Public Service Commission (P.S.C.) indorsement covering Blue Bird for liability arising from "the operation, maintenance, or use of motor vehicles under certificate * * * or permit issued to the insured by the Public Service Commission." The limits of the coverage under the P.S.C. indorsement were $25,000 for each person. On June 24, 1970 a bus owned by Chautauqua and driven by a Chautauqua employee, Vincent, was being operated on a Blue Bird Public Service Commission franchised route. (Blue Bird and Chautauqua are owned by the same interests and had on other occasions interchanged buses.) A serious accident occurred killing two persons and injuring four others. In its first decision in the declaratory judgment action Trial Term determined that plaintiff Kansas City's policy was in full force and effect and that it was the primary insurer of the Chautauqua bus. Thereafter, all the negligence actions were settled, with Kansas City contributing the entire amount owed under the limits of its policy covering Chautauqua and with Hartford and Jefferson each contributing $87,500 to the settlement of two of the actions. It was expressly understood by Hartford and Jefferson that both reserved the right to litigate the issue of priority of coverage and that Hartford reserved the right to litigate the question with Blue Bird of whether any contribution made by it was made under the P.S.C. indorsement or under the temporary substitute automobile provision of the standard policy. In a motion brought by Hartford to reopen the declaratory judgment action for the purpose of obtaining a determination of the priority of the obligations of Hartford and Jefferson to pay under their policies and for a recoupment of Hartford's contribution to the settlement, Hartford claimed that it had paid under the clause in its standard policy covering the Chautauqua bus as a temporary substitute automobile and that its obligation to pay was therefore, pursuant to paragraph 13 of the policy, secondary to that of Jefferson. Jefferson contended that Hartford's contribution (at least to the extent of the $50,000 coverage limits for two persons under the P.S.C. indorsement) had been made not under the temporary substitute automobile clause of the Hartford standard policy but under the P.S.C. indorsement of the Hartford policy on behalf of Blue Bird and on account of its liability as a common carrier and that as to that payment Hartford could claim no reimbursement from Jefferson. Jefferson contended further that even if the Hartford payment had been made on behalf of Chautauqua under the temporary substitute automobile clause, the Jefferson coverage of Chautauqua should be considered excess over that provided for Chautauqua under the Hartford policy, because, assertedly, Jefferson's obligation was to pay only the "ultimate net loss," which it defined as the loss remaining to be paid after all other collectible insurance covering Chautauqua (including, Jefferson claimed, that provided by the Hartford policy) had been exhausted. In its decision Trial Term found that the entire Hartford contribution was made on behalf of Blue Bird under the P.S.C. indorsement and that it was, therefore, unnecessary to make the decision concerning the conflicting excess coverage clauses that would have been required if the Hartford payment had been considered to have been made in whole or in part under the temporary substitute automobile clause of the Hartford standard policy. Although under Trial Term's decision Hartford could have had no recoupment rights from Jefferson in view of the finding that the payment was

made on behalf of Hartford's insured Blue Bird under the P.S.C. indorsement and not under the temporary substitute automobile clause of the standard policy, the court nevertheless found that Jefferson should reimburse Hartford for its entire contribution of $87,500. The basis for this determination was that applying common-law indemnity rights, Chautauqua as the owner of the bus and employer of Vincent, the driver, was responsible for the accident and that "Blue Bird was merely vicariously liable." Trial Term was in error. The mutual rights and obligations of Blue Bird and Jefferson under common-law indemnity principles or apportionment of liability arising out of their relationship to each other and the facts pertaining to the accident are not determinative of the priority of payments to be made by Jefferson and Hartford under their insurance policies. Further, there is no basis set forth in Trial Term's decision for its determination that Hartford's payment was made entirely on behalf of Blue Bird under the P.S.C. indorsement. Nor is there a basis in the record for such determination. No proof was taken and the affidavits do not address the issue. A resolution of the issue could involve factual questions pertaining, among other things, to Hartford's understanding with its insured Blue Bird concerning the payment and whether the bus was in fact being used as a "temporary substitute automobile" as defined in Hartford's policy. We note that Blue Bird's interests with respect to this issue are not the same as those of Hartford because any payment made by Hartford under the P.S.C. indorsement must by the terms of the indorsement be repaid by Blue Bird to Hartford. We also observe that in the event it is found that Hartford's contribution was made under the P.S.C. indorsement a determination will be necessary as to whether $37,500 (the balance of the $87,500 contribution over the limits of the P.S.C. indorsement) was made under the temporary substitute automobile clause of the standard policy or as a payment not mandated by any provision of the policy. In the event that it is determined that $50,000 was paid under the P.S.C. indorsement and $37,500 was a nonmandated payment, there would be no right of recoupment in this declaratory judgment action by Hartford from Jefferson under the excess clause of Hartford's policy. If Trial Term finds that all of the Hartford payment was made under the temporary substitute automobile provision covering the Chautauqua bus under the Hartford policy or that $37,500 of such payment was made under such clause, a determination of the priority of obligations to pay under the Jefferson and Hartford policies (with respect to $87,500 or $37,500 as the case may be) becomes necessary. We find that in this respect Hartford is an excess insurer over Jefferson. Jefferson's policy provided for coverage over and above that provided by a single named primary insurer (Kansas City Fire and Marine Insurance Co.) and no other. Therefore, Jefferson is an excess insurer only in relation to the named primary insurer. Accordingly, the judgment must be reversed and the matter remitted to Trial Term, Erie County, Bayger, J., for a hearing or an agreed statement of facts which will permit the court to make a determination as to whether the Hartford contribution was made entirely under the temporary substitute automobile clause of the Hartford standard policy, in which event Hartford would be entitled to reimbursement from Jefferson in the amount of $87,500; or whether $50,000 of the payment was made under the P.S.C. indorsement and $37,500 under the temporary substitute automobile clause of the Hartford policy, in which case Hartford would be entitled to reimbursement in the amount of $37,500; or whether $50,000 was paid under the P.S.C. indorsement and $37,500 was not under the temporary substitute automobile clause and thus not mandated by any provision of the

policy, in which case Hartford would be entitled to no reimbursement from Jefferson under its excess clause and would be relegated to whatever other remedies it might have with respect to the $37,500 nonmandated payment. (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Schnepp, JJ.